IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TRACEY E. GEORGE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-02182 |
| | ) | Chief Judge Sharp |
| WILLIAM EDWARD "BILL" HASLAM, | ) | Magistrate Judge Bryant |
| as Governor of the State of Tennessee, | ) | |
| in his official capacity, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT DISCOVERY DISPUTE STATEMENT
PURSUANT TO LOCAL RULE 37.01(a)**

Plaintiffs Tracey E. George, Ellen Wright Clayton, Deborah Webster-Clair, Kenneth T. Whalum, Jr., Meryl Rice, Jan Liff, Teresa M. Halloran, and Mary Howard Hayes (collectively "Plaintiffs") and Defendants William Edward "Bill" Haslam, Tre Hargett, Mark Goins, Herbert H. Slatery III, the State Election Commission of Tennessee, Judy Blackburn, Donna Barrett, Gregg Duckett, Tommy Head, Jimmy Wallace, Tom Wheeler, and Kent Younce (collectively "Defendants") file this joint statement of disputed discovery matters.

On December 21, 2014, the parties held a Fed. R. Civ. P. 26(f) conference. Plaintiffs then served their first set of discovery requests by hand delivery on December 23, 2014. On Friday, January 9, 2015, after several days of negotiation, the parties jointly submitted a proposed Initial Case Management Order. *See* Docket Entry ("DE") 31: Proposed Initial Case Management Order, PageID 187. Later that same day, Defendants moved to stay discovery. DE 34: Defendants' Motion to Stay Discovery, PageID 209. On Monday, January 12, 2015, the parties

appeared before Magistrate Judge Bryant for an Initial Case Management Conference. The Court then entered an Initial Case Management Order.

On January 23, 2015, Plaintiffs filed their response in opposition to Defendants' motion to stay discovery. Later that day, Defendants submitted their responses to Plaintiffs discovery requests via email. Defendants begin their response to each individual discovery item with the same objection:

> Defendants' object to this [Interrogatory or Request] as premature as Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) is fully briefed and pending before the Court and Defendants' filed a Motion to Stay Discovery pursuant to Fed. R. Civ. P. 26(c) on January 9, 2015 . . . .

After this opening, Defendants then further object to each discovery item on the basis that the request is vague, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and/or are seeks privileged information. Defendants have therefore declined to provide any answers to the interrogatories, produce any documents, or admit or deny any requests for admissions.

Plaintiffs' position is that Defendants failed to timely and properly respond to the discovery requests and that Defendants should be compelled to answer the interrogatories and request for production, with any objections and/or assertions of privilege having been waived. Plaintiffs also believe that Defendants should be sanctioned for their conduct, including their violation of the Court's order of January 12, 2015, which provided that "[t]here shall be no stay of discovery pending disposition of any motions unless otherwise ordered by the Court." DE 37 at 4, PageID 264.

Defendants' position is that they timely moved for a well-founded stay of discovery, that they have responded to Plaintiffs' discovery requests in accordance with the applicable provisions of the Federal Rules of Civil Procedure, and that it would be unduly burdensome to

2

Case 3:14-cv-02182   Document 46   Filed 02/11/15   Page 2 of 5 PageID #: 331

require Defendants to respond further while the motion to stay discovery is pending. Defendants further take the position that the discovery requests are otherwise objectionable for the reasons set forth in their responses. Defendants dispute that any objections or assertions of privilege have been waived. Defendants dispute that any sanctions are warranted.

The parties met and conferred in good faith but were unable reach any agreement on any of the issues presented, which include: (i) whether Defendants should be compelled to answer the interrogatories and requests for production with any objections and assertions of privilege having been waived; and (ii) whether any sanctions are appropriate.

Respectfully submitted,

SHERRARD & ROE, PLC

By:   /s/ *William L. Harbison*
     William L. Harbison (B.P.R. No. 7012)
     C. Dewey Branstetter Jr. (B.P.R. No. 9367)
     Phillip F. Cramer (B.P.R. No. 20697)
     Hunter C. Branstetter (B.P.R. No. 32004)
     150 3rd Avenue South, Suite 1100
     Nashville, Tennessee 37201
     Tel.: (615) 742-4200
     Fax: (615) 742-4539
     bharbison@sherrardroe.com
     dbranstetter@sherrardroe.com
     pcramer@sherrardroe.com
     hbranstetter@sherrardroe.com

     Counsel for Plaintiffs


By:   /s/ *Janet M. Kleinfelter, with permission*
     Janet M. Kleinfelter
     Deputy Attorney General
     Office of the Attorney General and Reporter
     Public Interest Division
     P.O. Box 20207
     Nashville, TN 37202

(615) 741-7403
janet.kleinfelter@ag.tn.gov

Counsel for Defendants

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing was served upon the following:

| Counsel | Counsel for: | Via: |
|---|---|---|
| Janet M. Kleinfelter<br>Deputy Attorney General<br>Office of the Attorney General and Reporter<br>Public Interest Division<br>P.O. Box 20207<br>Nashville, TN 37202<br>(615) 741-7403<br>janet.kleinfelter@ag.tn.gov | Defendants | ☐ United States Mail, postage prepaid<br>☐ Hand-delivery<br>☐ Facsimile transmission<br>☐ E-Mail<br>☐ Fed Ex<br>☒ CM/ECF |

this 11th day of February, 2015.

                                                  /s/ *William L. Harbison*
                                                William L. Harbison