IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TRACEY E. GEORGE, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-02182 |
| | ) | Chief Judge Sharp |
| WILLIAM EDWARD "BILL" HASLAM, | ) | Magistrate Judge Bryant |
| as Governor of the State of Tennessee, | ) | |
| in his official capacity, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants, in their official capacities, hereby state the following in answer to Plaintiffs'

First Amended Complaint for Declaratory and Injunctive Relief:

## INTRODUCTION

1. Defendants admit that Plaintiffs brought this lawsuit to challenge the method by which the votes were counted on Amendment 1 to the Tennessee Constitution on the November 4, 2014 ballot (hereinafter "Amendment 1"). Defendants deny all other allegations in paragraph no. 1.

2. Defendants admit that plaintiffs are registered voters who voted in the November 4, 2014 election. Defendants lack sufficient knowledge or information to either admit or deny all other allegations in paragraph no. 2.

3.     Defendants admit they are officials of the State of Tennessee.  Defendants admit that each defendant is vested with certain authority and duties with respect to elections as set forth in Title 2 of the Tennessee Code.

4.     Defendants admit that paragraph no. 4 accurately quotes from Article XI, Section 3 of the Tennessee Constitution.  Defendants admit that Article XI, Section 3 sets forth the state constitutional requirements for the approval and ratification of an amendment to the constitution under the legislative process.

5.     To the extent Plaintiffs are referring to the tabulation method for determining whether Amendment 1 was ratified, Defendants admit that they examined whether the number of total votes in favor of Amendment 1, regardless of whether the voter also voted for governor, would constitute a majority of the total number of votes cast in the gubernatorial race.  To determine whether Amendment 1 was approved, Defendants additionally examined whether the number of votes in favor of Amendment 1 would constitute a majority of the total number of votes cast on Amendment 1.  The second sentence of paragraph no. 5 contains citations to and quotations from newspaper articles to which no response is required.  To the extent a response is required, Defendants lack sufficient knowledge or information to either admit or deny the allegations. Defendants deny that they added further confusion surrounding the vote count on Amendment 1 by posting results on their website that do not conform to Article XI, Section 3 or to the method contained in the public statements of a spokesperson for the Secretary of State.

6.     The first sentence of paragraph no. 6 contains improper legal argument and conclusions to which no response is required.  To the extent a response is required, Defendants deny that their tabulation method is inconsistent with Article XI, Section 3 of the Tennessee Constitution.  Defendants deny that the first sentence of paragraph no. 6 accurately states what

Case 3:14-cv-02182   Document 64   Filed 07/24/15   Page 2 of 23 PageID #: 788

Article XI, Section 3 requires in order for a constitutional amendment to pass or that the second sentence of paragraph no. 6 accurately states Defendants' position. Defendants admit that Article XI, Section 3 requires that the people both "approve" and "ratify such amendment or amendments by a majority of all the citizens of the State voting for Governor, voting in their favor." Defendants admit that they took the position, consistent with Article XI, Section 3, that Amendment 1 must first, as a threshold matter, be approved by receiving a majority of the total votes cast on Amendment 1, and then would be ratified if the total number of votes cast in favor of Amendment 1 exceeded the number of votes required to achieve a majority in the governor's race. The third sentence of paragraph no. 6 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Article XI, Section 3 contains a plain statement that the requisite majority is comprised of citizens who voted for governor and who also voted in favor of Amendment 1.

7.    Paragraph no. 7 contains improper legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs have accurately described Defendants' interpretation of Article XI, Section 3 of the Tennessee Constitution. Defendants' position is that a constitutional amendment must be both approved and ratified in order to pass. To be approved, an amendment must receive a majority of the total votes cast on the amendment. To be *ratified*, an amendment must receive a majority of the total votes cast in the governor's race. Defendants admit that, if [total votes in favor of Amendment 1] / [total votes for governor] > ½, then Amendment 1 would be ratified, but only after the amendment has been approved by a majority of the voters voting in favor of the amendment. Defendants deny that Article XI, Section 3 contains a threshold requiring that a voter also vote for governor but admit

3

that they counted the votes on Amendment 1 without first establishing whether each voter voting

for or against Amendment 1 also voted for governor.

8.     The first sentence of Paragraph no. 8 contains improper legal argument and

conclusions to which no response is required.  To the extent a response is required, Defendants

deny any involvement in any coordinated scheme and further deny that the method used to tabulate

votes on Amendment 1 subjected Plaintiffs to a coordinated scheme that violated their federally-

secured due process and equal protection rights.  Defendants lack sufficient knowledge or

information to either admit or deny that their tabulation method incentivized proponents of

Amendment 1 to forgo their own right to vote in the governor's race so as to add "yes" votes

without increasing the number of votes needed to surpass a majority of votes cast in the governor's

race.  The third sentence of paragraph no. 8 contains citations to and quotations from newspaper

articles to which no response is required.  To the extent a response is required, Defendants lack

sufficient knowledge or information to either admit or deny the allegations.  Defendants deny that

they promulgated or had any involvement with any misguided scheme.  Defendants lack sufficient

knowledge or information to either admit or deny whether supporters of Amendment 1

promulgated any particular method of voting on Amendment 1.

9.     Paragraph no. 9 contains improper legal argument and conclusions to which no

response is required.  To the extent a response is required, Defendants deny the allegations in

paragraph 9.

10.     Paragraph no. 10 contains improper legal argument, conclusions and citations to

which no response is required.  To the extent a response is required, Defendants deny that their

method of tabulating votes on Amendment 1 violated Plaintiffs' right to a fair election under the

Due Process Clause of the Fourteenth Amendment.  Defendants admit that the second sentence of

4

paragraph no. 10 accurately quotes *League of Women Voters v. Brunner*, 548 F.3d 463, 478 (6th Cir. 2008). Defendants deny that their method of tabulating votes on Amendment 1 constitutes a fundamentally unfair voting system, disregards the plain language of the Tennessee Constitution, or arbitrarily develops a different standard for approving public votes on constitutional amendments. Defendants deny that their method of tabulating votes on Amendment 1 must survive strict scrutiny to be upheld, is not justified by a valid and compelling interest, or fails to withstand strict scrutiny.

11. Paragraph no. 11 contains improper legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph no. 11.

12. Paragraph no. 12 contains improper legal argument, conclusions and citations to which no response is required. To the extent a response is required, Defendants admit that the first, second and third sentences of paragraph no. 12 accurately quote from *Bush v. Gore*, 531 U.S. 98, 104 (2000), *Dunn v. Blumstein*, 405 U.S. 330, 336 (1972), and *Reynolds v. Sims*, 377 U.S. 533, 555 (1964), respectively. Defendants deny that they have treated Plaintiffs and their votes disparately or denied Plaintiffs' free exercise of franchise. Defendants deny that their tabulation method burdens the fundamental right to vote, is subject to strict scrutiny, or fails to withstand strict scrutiny.

13. Paragraph no. 13 contains improper legal argument, conclusions and citations to which no response is required. To the extent a response is required, Defendants deny that their method of tabulating votes violates the Fourteenth Amendment's Equal Protection Clause or that it differentially values votes by voters who voted both in the gubernatorial race and on Amendment 1 as compared to votes by voters who voted only on Amendment 1. Defendants admit that the

5

second sentence of paragraph no. 13 accurately quotes from *Moore v. Ogilvie*, 394 U.S. 814, 819 (1969). Defendants deny that voters who voted only on Amendment 1 failed to comply with the Constitution or that Defendants valued the votes of such voters over the votes of Plaintiffs. Defendants admit that the fourth sentence of paragraph no. 13 accurately quotes from *Bush v. Gore*, 531 U.S. 98, 104-05 (2000). Defendants deny that votes cast only on Amendment 1 were improperly cast or that such votes were improperly weighted. Defendants deny that their tabulation method threatens the fundamental right to vote, is subject to strict scrutiny, or fails to withstand strict scrutiny.

14. The first sentence of paragraph no. 14 contains improper legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny that the results from the November 4, 2014 election demonstrate that Defendants' tabulation method was improper or demonstrate the effects of that method. Defendants admit that the November 4, 2014 election was the first time since Article XI, Section 3 of the Tennessee Constitution was amended in 1953 that votes on a constitutional amendment outnumbered the votes in the governor's race. Defendants deny any involvement in any concerted campaign to double count "yes" votes at the expense of "no" voters and further deny that their tabulation method supported any such campaign. Defendants lack sufficient knowledge or information to either admit or deny whether individuals other than Defendants launched a concerted campaign to double count "yes" votes at the expense of "no" voters or whether it would have been the first time such a campaign was launched.

15. Paragraph no. 15 contains improper legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs' proposed method of tabulating votes on Amendment 1 is the correct method. Defendants further

6

deny that Defendants have been unable to demonstrate that Amendment 1 would have passed if votes were tabulated according to Plaintiffs' proposed method. Defendants deny that voter turnout data confirmed that as many as 76,000 votes in favor of Amendment 1 may have been improperly tabulated or that Amendment 1 may have fallen short of passage by 24,000 votes. Defendants deny that Amendment 1 would have failed to pass under Plaintiffs' proposed method of tabulating votes or that any failure to provide Plaintiffs with data or correlated vote results should be interpreted as an admission to that effect. Defendants state that whether they personally or politically supported Amendment 1 is wholly irrelevant to Plaintiffs' claims given that it did not influence Defendants' actions in the tabulation or certification of votes on Amendment 1.

16. Defendants do not deny that Plaintiffs purport to bring this action under 42 U.S.C. § 1983, Rules 57 and 65 of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 2201 and 2202. Defendants do not deny that Plaintiffs seek the relief enumerated in paragraph no. 16, but Defendants deny that Plaintiffs are entitled to such relief. Plaintiffs are not entitled to a declaration regarding the meaning of Article XI, Section 3 of the Tennessee Constitution because that question should be decided in the first instance by the Tennessee courts, either through certification to the Tennessee Supreme Court or through an action in the Tennessee courts while this Court abstains under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941). Plaintiffs are not entitled to any of the other relief they seek because Defendants' method of tabulating votes on Amendment 1 complies with the Tennessee Constitution and the U.S. Constitution.

## THE PARTIES

17. Defendants lack sufficient knowledge or information to either admit or deny the first, second and third sentences of paragraph no. 17. Defendants lack sufficient knowledge or information to either admit or deny that Plaintiff wishes to have her vote on Amendment 1

7

calculated in compliance with Tennessee's Constitution. Defendants deny that Plaintiff's vote on Amendment 1 was not calculated in compliance with Tennessee's Constitution. Defendants deny that Defendants' method of tabulating votes on Amendment 1 was improper, that it diluted Plaintiff's vote, or that it harmed Plaintiff.

18.     Defendants lack sufficient knowledge or information to either admit or deny the first and second sentences of paragraph no. 18. Defendants lack sufficient knowledge or information to either admit or deny that Plaintiff wishes to have her vote on Amendment 1 calculated in compliance with Tennessee's Constitution. Defendants deny that Plaintiff's vote on Amendment 1 was not calculated in compliance with Tennessee's Constitution. Defendants deny that Defendants' method of tabulating votes on Amendment 1 was improper, that it diluted Plaintiff's vote, or that it harmed Plaintiff.

19.     Defendants lack sufficient knowledge or information to either admit or deny the first sentence of paragraph no. 19. Defendants lack sufficient knowledge or information to either admit or deny that Plaintiff wishes to have her vote on Amendment 1 calculated in compliance with Tennessee's Constitution. Defendants deny that Plaintiff's vote on Amendment 1 was not calculated in compliance with Tennessee's Constitution. Defendants deny that Defendants' method of tabulating votes on Amendment 1 was improper, that it diluted Plaintiff's vote, or that it harmed Plaintiff.

20.     Defendants lack sufficient knowledge or information to either admit or deny the first sentence of paragraph no. 20. Defendants lack sufficient knowledge or information to either admit or deny that Plaintiff wishes to have her vote on Amendment 1 calculated in compliance with Tennessee's Constitution. Defendants deny that Plaintiff's vote on Amendment 1 was not calculated in compliance with Tennessee's Constitution. Defendants deny that Defendants'

8

method of tabulating votes on Amendment 1 was improper, that it diluted Plaintiff's vote, or that it harmed Plaintiff.

21.     Defendants lack sufficient knowledge or information to either admit or deny the first sentence of paragraph no. 21.  Defendants lack sufficient knowledge or information to either admit or deny that Plaintiff wishes to have her vote on Amendment 1 calculated in compliance with Tennessee's Constitution.  Defendants deny that Plaintiff's vote on Amendment 1 was not calculated in compliance with Tennessee's Constitution.   Defendants deny that Defendants' method of tabulating votes on Amendment 1 was improper, that it diluted Plaintiff's vote, or that it harmed Plaintiff.

22.     Defendants lack sufficient knowledge or information to either admit or deny the first sentence of paragraph no. 22.  Defendants lack sufficient knowledge or information to either admit or deny that Plaintiff wishes to have her vote on Amendment 1 calculated in compliance with Tennessee's Constitution.  Defendants deny that Plaintiff's vote on Amendment 1 was not calculated in compliance with Tennessee's Constitution.   Defendants deny that Defendants' method of tabulating votes on Amendment 1 was improper, that it diluted Plaintiff's vote, or that it harmed Plaintiff.

23.     Defendants lack sufficient knowledge or information to either admit or deny the first sentence of paragraph no. 23.  Defendants lack sufficient knowledge or information to either admit or deny that Plaintiff wishes to have her vote on Amendment 1 calculated in compliance with Tennessee's Constitution. Defendants deny that Plaintiff's vote on Amendment 1 was not calculated in compliance with Tennessee's Constitution.   Defendants deny that Defendants' method of tabulating votes on Amendment 1 was improper, that it diluted Plaintiff's vote, or that it harmed Plaintiff.

24.     Defendants lack sufficient knowledge or information to either admit or deny the first sentence of paragraph no. 24.  Defendants lack sufficient knowledge or information to either admit or deny that Plaintiff wishes to have her vote on Amendment 1 calculated in compliance with Tennessee's Constitution. Defendants deny that Plaintiff's vote on Amendment 1 was not calculated in compliance with Tennessee's Constitution.  Defendants deny that Defendants' method of tabulating votes on Amendment 1 was improper, that it diluted Plaintiff's vote, or that it harmed Plaintiff.

25.     Defendants admit the allegations of the first, second and third sentences of paragraph no. 25 to the extent they assert that William Edwards "Bill" Haslam is the Governor of the State of Tennessee and that Governor Haslam has the duties and powers set out in the Constitution and laws of the State of Tennessee.  Defendants deny that Governor Haslam, in his official capacity, is a person within the meaning of 42 U.S.C. § 1983.  Defendants admit that Governor Haslam was acting under color of state law at all times relevant to Plaintiffs' complaint. Defendants admit that Governor Haslam's official residence is in Nashville, Tennessee, within the Middle District.  Defendants admit that Plaintiffs purport to sue Governor Haslam in his official capacity.

26.     Defendants admit that Tre Hargett is the Tennessee Secretary of State.  Defendants admit that the Secretary of State is a Constitutional Officer charged with overseeing the Department of State.  Defendants admit that the Secretary of State is responsible for overseeing the Coordinator of Elections, who oversees the Division of Elections of the Office of Secretary of State's.  Defendants deny that Secretary Hargett, in his official capacity, is a person within the meaning of 42 U.S.C. § 1983.  Defendants admit that Secretary Hargett was acting under color of

state law at all times relevant to Plaintiffs' complaint. Defendants admit that Plaintiffs purport to sue Secretary Hargett in his official capacity.

27.     Defendants admit that Mark Goins is the Coordinator of Elections for Tennessee. Defendants admit that Coordinator Goins "is the chief administrative election officer of the state," Tenn. Code Ann. § 2-11-201(b), and is charged with "[g]enerally supervis[ing] all elections," *id.* § 2-11-202(a)(1). Defendants admit that Coordinator Goins has the duty to "[a]uthoritatively interpret the election laws for all persons administering them." Tenn. Code Ann. § 2-11-202(a)(4). Defendants deny that Coordinator Goins, in his official capacity, is a person within the meaning of 42 U.S.C. § 1983. Defendants admit that Coordinator Goins was acting under color of state law at all times relevant to Plaintiffs' complaint. Defendants admit that Plaintiffs purport to sue Coordinator Goins in his official capacity.

28.     Defendants admit that Herbert H. Slatery III is the Attorney General and Reporter of the State of Tennessee. Defendants admit that Plaintiffs purport to sue General Slatery in his official capacity and that Plaintiffs purport to challenge the constitutionality of Defendants' method of tabulating votes on Amendment 1.

29.     Defendants admit that Judy Blackburn, Donna Barrett, Gregg Duckett, Jimmy Wallace, Tom Wheeler and Kent Younce are current members of the State Election Commission of Tennessee. Defendants admit that Tommy Head was a member of the State Election Commission of Tennessee when the November 4, 2014 election was held but deny that he is a current member. Defendants admit that Plaintiffs purport to sue the members of the State Election Commission in their official capacities. Defendants admit that the State Election Commission works to maintain uniformity in elections and preserve the purity of the ballot.

## JURISDICTION AND VENUE

30.     Defendants admit that Plaintiffs purport to bring this action under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202 but deny that Plaintiffs are entitled to relief under any of those statutes.

31.     Defendants do not deny that the matters in controversy arise under the Constitution of the United States, but Defendants deny that this Court has subject matter jurisdiction because Plaintiffs lack Article III standing and have failed to state a claim upon which relief can be granted for violation of any federal constitutional or statutory right.  Defendants lack sufficient knowledge or information to either admit or deny that this Court has personal jurisdiction over Plaintiffs. Defendants admit that this Court has personal jurisdiction over Defendants.

32.     Defendants admit that venue in this Court is proper but deny that any unlawful acts occurred.

33.     Defendants deny the allegations in paragraph no. 33.

## FACTUAL BACKGROUND

34.     Defendants admit the allegations in paragraph no. 34.

35.     Defendants admit the allegations in paragraph no. 35 with the exception of the final sentence.  Defendants lack sufficient knowledge or information to either admit or deny that the referenced language was approved as written by Tennessee voters without regard to any statements, qualifications or explanations from the delegates to the constitutional convention of 1953.

36.     Paragraph no. 36 contains improper legal argument, conclusions and citation to which no response is required.  To the extent a response is required, Defendants deny that the first sentence of paragraph no. 36 accurately quotes from *Snow v. City of Memphis*, 527 S.W.2d 55

12

(Tenn. 1975) but admit that the second sentence of paragraph no. 36 accurately quotes from that decision. Defendants deny that the Tennessee Supreme Court's decision in *Snow v. City of Memphis* supports Plaintiffs' interpretation of Article XI, Section 3 of the Tennessee Constitution or that it constitutes a holding regarding the proper interpretation of that provision. Defendants deny that the current language of Article XI, Section 3 should be interpreted to require a majority of those voting for governor to vote in favor of that amendment. Defendants further state that interpreting Article XI, Section 3 to require a majority of those voting for governor to vote in favor of that amendment would violate the First and Fourteenth Amendments of the U.S. Constitution by infringing on the rights of free speech and association and imposing an unconstitutional voting requirement.

37.    Paragraph no. 37 contains improper legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny that they have asserted that Article XI, Section 3 is unconstitutional as written. Defendants deny that they have rewritten the Tennessee Constitution. Defendants admit that the Tennessee Constitution provides for two mechanisms for amending the constitution but deny that they believe the public referendum method runs afoul of the U.S. Constitution. Defendants lack sufficient knowledge or information to either admit or deny that they could have easily advised the state legislature to proceed via the constitutional convention method but admit that they did not do so.

38.    Defendants admit the allegations in paragraph no. 38.

39.    Defendants deny that paragraph no. 39 accurately describes Defendants' statements regarding how they would determine whether Amendment 1 had passed. Defendants admit that the Office of the Secretary of State made statements indicating that, for any of the four proposed constitutional amendments appearing on the November 4, 2014 ballot to pass, they would need to

13

pass with "yes" votes equaling a majority of the total number of votes cast in the governor's race. Defendants deny that the Tennessee Constitution required them to determine whether a majority of voters who voted for governor voted in favor of Amendment 1.

40. Defendants admit that Coordinator Goins and the members of the State Election Commission certified the UNISYN OpenElect Optical Scan voting machine as being in compliance with the requirements of Tenn. Code Ann. § 2-9-101 and all federal law requirements under Section 301 of the Help America Vote Act ("HAVA"), and approved its purchase by Polk County pursuant to Tenn. Code Ann. § 2-9-117. Defendants further admit that Coordinator Goins and the members of State Election Commission certified the DOMINION ImageCast Optical Scan voting machines as being in compliance with the requirements of Tenn. Code Ann. § 2-9-101 and all federal law requirements under Section 301 of HAVA, and approved its purchase by Hamilton County pursuant to Tenn. Code Ann. § 2-9-117. Defendants further admit that Coordinator Goins and the members of the State Election Commission certified the upgraded MICROVOTE Infinity voting machine, certified by the federal Election Assistance Commission as compliant with the 2005 Volunteer Voting Systems Guidelines, as being in compliance with the requirements of Tenn. Code Ann. § 2-9-101 and all federal law requirements under Section 301 of HAVA, and approved its purchase by 45 counties pursuant to Tenn. Code Ann. § 2-9-117. Defendants further state that the voting machines used in the November 4, 2014 election by the remaining 48 counties were certified and approved by Coordinator Goins' predecessor and prior members of the State Election Commission. Neither the Tennessee Constitution, Tennessee election laws nor the federal requirements under HAVA require that voting machines be capable of correlating votes in an election. Accordingly, Coordinator Goins and the members of the State Election Commission admit that, in certifying and approving the purchase of the UNISYN OpenElect Optical Scan,

14

DOMINION ImageCast Optical Scan, and upgraded MICROVOTE Infinity voting machines, they did not consider whether the machines were capable of correlating votes.

41. Defendants admit that Plaintiffs voted in the November 4, 2014 general election. Defendants lack sufficient knowledge or information to either admit or deny whether each plaintiff voted in the gubernatorial race and also voted not to approve Amendment 1.

42. Paragraph no. 42 contains improper legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny that paragraph no. 42 accurately describes Defendants' method of tabulating votes on Amendment 1. Defendants admit that they did not determine whether a majority of all citizens in the state who voted for governor voted for Amendment 1. Defendants first determined whether Amendment 1 was approved by calculating whether the number of votes for Amendment 1 constituted a majority of the total votes cast on Amendment 1. Defendants then determined whether Amendment 1 was ratified by calculating whether the number of votes for Amendment 1 constituted a majority of the total votes cast in the gubernatorial election. Defendants admit that the Governor, Attorney General and Secretary of State certified the November 4, 2014 election results but deny that they did so in derogation of their state and federal constitutional duties.

43. Paragraph no. 43 contains improper legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny that their method of tabulating votes on Amendment 1 was improper. Defendants deny that paragraph no. 43 accurately describes Defendants' position regarding the passage threshold for Amendment 1. The official results from the November 4, 2014 election reflect that Amendment 1 passed because it was both approved and ratified as required by Article XI, Section 3 of the Tennessee Constitution. Amendment 1 was approved because the 729,163 votes cast in favor of Amendment 1 constituted

a majority of the 1,386,355 total votes cast on Amendment 1. Amendment 1 was ratified because the 729,163 votes cast in favor of Amendment 1 constituted a majority of the 1,353,728 total votes cast in the gubernatorial election. Defendants deny that the Tennessee Constitution requires them to correlate votes cast in favor of Amendment 1 to votes cast for governor, but admit that no such correlation was performed.

44. Defendants admit that the number of voters on Amendment 1 exceeded the number of voters in the gubernatorial election. Defendants admit that the November 4, 2014 election was the first time since Article XI, Section 3 of the Tennessee Constitution was amended in 1953 that voters on a constitutional amendment outnumbered the votes in the governor's race. Defendants deny that these allegations provide any support for Plaintiffs' speculative allegation that supporters of Amendment 1 followed the strategy of voting only on that amendment to increase the chance of Amendment 1's approval. Defendants lack sufficient knowledge or information to either admit or deny that supporters of Amendment 1 followed any such strategy. Defendants deny that their method of tabulating votes on Amendment 1 was improper.

45. Defendants admit the total number of votes cast in the November 4, 2014 election but deny all other allegations in paragraph no. 45 and footnote 1.

46. Paragraph no. 46 contains improper legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny that the Tennessee Constitution required voters who voted for Amendment 1 to also vote in the governor's race. Defendants admit that the certified election results do not indicate whether voters who voted in favor of Amendment 1 also voted in the governor's race. Defendants deny all other allegations in paragraph no. 46.

16

47.     Paragraph no. 47 contains improper legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph no. 47.

48.     Paragraph no. 48 contains improper legal argument, conclusions and citation to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph no. 48.

49.     Paragraph no. 49 contains improper legal argument, conclusions and citation to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph no. 49.

50.     Paragraph no. 50 contains improper legal argument and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph no. 50.

## COUNT I

51.     Defendants repeat and reincorporate by reference their responses to paragraphs 1-50 as if fully set forth herein.

52.     Paragraph no. 52 contains improper legal argument, conclusions and citation to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs enjoy the fundamental right to vote in Tennessee elections but admit that Plaintiffs enjoy the right to participate in Tennessee elections on an equal basis with other Tennessee citizens. Plaintiffs admit that the second sentence of paragraph no. 52 accurately quotes from *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964).

53.     Defendants deny the allegations in paragraph no. 53.

54.     Defendants deny the allegations in paragraph no. 54.

55.     Paragraph no. 55 contains improper legal argument, conclusions and citations to which no response is required.  To the extent a response is required, Defendants admit that paragraph no. 55 accurately quotes from *Griffin v. Burns*, 570 F.2d 1065, 1078 (1st Cir. 1978), but deny all other allegations in that paragraph.

56.     Defendants deny the allegations in paragraph no. 56.

57.     Defendants deny the allegations in paragraph no. 57.

58.     Defendants deny the allegations in paragraph no. 58.

59.     Defendants deny the allegations in paragraph no. 59.

## COUNT II

60.     Defendants repeat and reincorporate by reference their responses to paragraph nos. 1-59 as if fully set forth herein.

61.     Paragraph no. 61 contains improper legal argument, conclusions and citation to which no response is required.  To the extent a response is required, Defendants admit that paragraph no. 61 accurately quotes from the Fourteenth Amendment to the U.S. Constitution.

62.     Paragraph no. 62 contains improper legal argument, conclusions and citations to which no response is required.  To the extent a response is required, Defendants admit that paragraph no. 62 accurately quotes from *Dunn v. Blumstein*, 405 U.S. 330, 336 (1972), and *Reynolds v. Sims*, 377 U.S. 533, 555 (1964).

63.     Paragraph no. 63 contains improper legal argument and conclusions to which no response is required.  To the extent a response is required, Defendants deny that their method of tabulating votes on Amendment 1 violates the Equal Protection Clause.  Defendants deny that Article XI, Section 3 of the Tennessee Constitution required voters voting on Amendment 1 to also vote for governor.  Defendants deny that their method of tabulating votes on Amendment 1

18

resulted in any detriment to Plaintiffs. Defendants admit that they counted votes for Amendment 1 regardless of whether those votes were cast by voters who also voted in the gubernatorial election, but Defendants deny that they based Amendment 1's passage threshold solely on the number of votes in the gubernatorial race. In order for Amendment 1 to pass, it had to be both approved and ratified. The threshold for approval of Amendment 1 was a majority of the total votes cast on Amendment 1. The threshold for ratification of Amendment 1 was a majority of the total votes cast in the gubernatorial election. Defendants deny that they permitted or encouraged voters to overweight their votes on Amendment 1 by increasing the number of votes in favor of Amendment 1 without correspondingly increasing the number of total votes needed for Amendment 1 to pass. Defendants deny that Plaintiffs' votes were diluted or their franchise denied.

64.     Defendants deny the allegations in paragraph no. 64. Article XI, Section 3 of the Tennessee Constitution requires both approval and ratification of a constitutional amendment. To be approved, an amendment must receive a majority of the total votes cast on the amendment. To be ratified, an amendment must receive a majority of the total votes cast in the gubernatorial election. Defendants deny that, under their tabulation method, someone who opposes an amendment can only meaningfully register his or her opposition by voting for governor and not voting on the amendment. Defendants further deny that a vote against an amendment is meaningless, because, under Defendants' tabulation method, an amendment must first be approved by a majority of the votes cast on the amendment. If a majority of votes cast on an amendment are *against* the amendment, the amendment is not approved and there is no need to determine if the amendment has also been ratified.

19

65.     Paragraph no. 65 contains improper legal argument, conclusions and citation to which no response is required.  To the extent a response is required, Defendants deny that they merely compared the number of votes for Amendment 1 with the number of votes for governor.  To determine whether Amendment 1 was approved, Defendants also compared the number of votes for Amendment 1 with the total number of votes cast on Amendment 1.  Defendants deny that their method of tabulating votes on Amendment 1 awarded unequal voting strength to voters who did not vote in the gubernatorial race but did vote on Amendment 1.  Defendants deny that the votes of voters who voted on Amendment 1 but did not vote for governor should not be counted.  Defendants deny that their method of tabulating votes on Amendment 1 violated the Equal Protection Clause.

66.     Paragraph no. 66 contains improper legal argument and conclusions to which no response is required.  To the extent a response is required, Defendants deny that they have violated state law, the Tennessee Constitution or the Equal Protection Clause of the U.S. Constitution.  Defendants deny that their method of tabulating votes on Amendment 1 is not rationally related to the furtherance of any legitimate governmental interest or narrowly tailored to substantially advance any governmental interest.  Defendants lack sufficient knowledge or information to either admit or deny that their tabulation method encouraged voters who favored Amendment 1 not to vote for governor or deterred those voters from exercising any fundamental right to vote.

67.     Paragraph no. 67 contains improper legal argument and conclusions to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs have been disenfranchised.   Defendants further deny that their method of tabulating votes on Amendment 1 is subject to strict scrutiny.

68.     Defendants deny the allegations in paragraph no. 68.

20

69. Defendants deny the allegations in paragraph no. 69.

70. Defendants deny the allegations in paragraph no. 70.

71. Defendants deny any and all allegations that have not been specifically addressed.

## PRAYER FOR RELIEF

72. Defendants deny Plaintiffs are entitled to the relief they seek in paragraph nos. 1, 2, 3, 4, 5, 6 and 7 of their Prayer for Relief.

## DEFENSES

1. To the extent that Defendants are sued only in their official capacities, Plaintiffs' claims against Defendants and all relief sought by Plaintiffs are barred by the Eleventh Amendment to the U.S. Constitution.

2. Plaintiffs lack standing under Article III of the U.S. Constitution.

3. Plaintiffs are not entitled to a declaration regarding the meaning of Article XI, Section 3 of the Tennessee Constitution because that question should be decided in the first instance by the Tennessee courts, either through certification to the Tennessee Supreme Court or through an action in the Tennessee courts while this Court abstains under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

4. Plaintiffs fail to state a claim as a matter of law because Defendants' method of tabulating the votes on Amendment 1 complies with the Tennessee Constitution and the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

5. To the extent that Plaintiffs allege a claim of civil conspiracy, they have failed to state a claim as a matter of law because they do not plead that claim with sufficient specificity. Any such claim also fails as a matter of law under the intra-corporate conspiracy doctrine.

21

6. Defendants are entitled to and seek herein to recover their attorneys' fees and expenses incurred in this action as provided for by 42 U.S.C. § 1988.

7. Defendants reserve their right to amend this Answer as provided by the Federal Rules of Civil Procedure in order to assert additional defenses which might become relevant as facts are discovered.

Wherefore Defendants pray that they be dismissed with costs taxed against Plaintiffs.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

ANDRÉE SOPHIA BLUMSTEIN
Solicitor General


/s/ Janet M. Kleinfelter
JANET M. KLEINFELTER
Deputy Attorney General
Public Interest Division
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-7403
Janet.Kleinfelter@ag.tn.gov


/s/ Leslie Ann Bridges
LESLIE ANN BRIDGES
Deputy Attorney General
Medicaid Fraud & Integrity Division
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202
(615) 741-7403
Leslie.Bridges@ag.tn.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 24th day of July, 2015, a copy of the above document has been served upon the following persons by:


___X___                                    Electronic Case Filing (ECF) System to:

William L. Harbison
C. Dewey Branstetter, Jr.
Phillip F. Cramer
Hunter C. Branstetter
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
bharbison@sherrardroe.com
dbranstetter@sherrardroe.com
pcramer@sherrardroe.com
hbranstetter@sherrardroe.com


/s/ Janet M. Kleinfelter_____
JANET M. KLEINFELTER

23