IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RECEIVED
IN CLERK'S OFFICE
AUG 28 2015
U.S. DISTRICT COURT
MID. DIST. TENN.

TRACEY E. GEORGE, ELLEN WRIGHT )
CLAYTON, DEBORAH WEBSTER-CLAIR, )
KENNETH T. WHALUM, Jr., MERYL RICE, )
JAN LIFF, TERESA M. HALLORAN, and )
MARY HOWARD HAYES, )
　)
　　　Plaintiffs, )
　)
　) Case No. 3:14-cv-02182
　) Judge Kevin Sharpe
WILLIAM EDWARD "BILL" HASLAM, ) Magistrate John S. Bryant
Governor of the State of Tennessee, )
in his official capacity, TRE HARGETT, as )
Secretary of State, in his official capacity; )
MARK GOINS, as Coordinator of Elections, in )
his official capacity, HERBERT H. )
SLATERY III, as Attorney General & Reporter )
of the State of Tennessee, in his official )
capacity; STATE ELECTION COMMISSION )
OF TENNESSEE, JUDY BLACKBURN, as a )
member of the State Election Commission, )
in her official capacity; DONNA BARRETT, as a )
member of the State Election Commission, in )
her official capacity, GREG DUCKETT, as a )
member of the State Election Commission, in )
his official capacity, TOMMY HEAD, as a )
member of the State Election Commission, )
in his official capacity, JIMMY WALLACE )
member of the State Election Commission, )
in his official capacity; TOM WHEELER, as a )
member of the State Election Commission, in )
his official capacity; and KENT YOUNCE, as )
a member of the State Election Commission, in )
his official capacity. )
　　　Defendants. )

MOTION TO INTERVENE AND
REQUEST FOR DISMISSAL AND DENIAL OF LEGAL FEES

Comes Intervenor in the above-styled case, according to Rule 24, (Exh. I),

because the interests of Intervenor, as a taxpayer will not be adequately represented in

that Defendants are political figures and not solely acting as Taxpayers.

This suit is one of hundreds which the Taxpayer has had to endure in Plaintiffs' effort to bypass the somewhat troublesome, yet traditionally Constitutional manner of redress, that is, to work through the Constitutionally-elected offices and representatives. The Scripture, upon which American judges have relied since the beginning, plainly states that: "…he that climbeth up some other way, the same is a thief and a robber." (John 10:1.) Over and over the public has stood on traditional and long established practices only to have them overturned by such extraordinary and out-of-control means as this lawsuit. To illustrate the wishes of the people in, for example, Tennessee, Intervenor enters Exhibit II, a history of her work for re-establishing the Right to post God's Law and proving beyond a doubt through certified votes and law that the people of Tennessee, voting through their County Commissions, not only know what their Rights are but stand by them lawfully. Yet this same majority of Tennesseans have had to endure the jeopardy of having a ruling-class minority legal system overthrow their wishes by picking on some off-the-point rule. This is hazardous to a Republic and the current political situation is proving that the people have had enough of legal shenanigans.

Under the pernicious bypass with this legal means, Title 42 has been the vehicle to overthrow much of our duly elected legislative means and wishes of the constituency and has enriched certain Title 42 vested-interests lawyers in establishing a virtual ruling class.

Thus the Taxpayer, represented by this Intervenor, is robbed of both their Rights and their public purse by paying said lawyers (42 USC 1988). Intervenor stands upon the

- 2 -

Tenn. Declaration of Rights, Art. 1, Sect. 2, which states that "the doctrine of non-resistance to arbitrary power is abusive, slavish and absurd," thus she insists that she is acting lawfully in resisting the arbitrary power promoted by Plaintiffs' use of legal shenanigans.

The referenced action purports to overthrow this process by selecting an off-the-point measure and setting a strange, unnatural precedent to bypass our Constitutional legislative process.

Intervenor further challenges the Plaintiff's news source (*Cathedral of the Incarnation* (Page 4 of Plaintiff's brief) as questionable and unreliable. Entered for the record is Exhibit II, an affidavit of Citizen J. B. Griffin which testifies that his news source was from standard outlets commonly read by the public and which was accurate. Such standard news sources are also compounded by the fact that the general public was made aware by these and voted for Amendment 1 accordingly, thus were not confused.

Intervenor objects to declaratory or injunctive relief in that it violates the majority will of the voters who voted in good faith for the thing desired, finding that the press accurately informed them on voting procedures. Thus Plaintiff's request represents a dark and undercover attempt to overthrow the will of the people. In light of the precarious times in which the American citizen finds himself in this Republic under which this issue was decided, it could set a dangerous precedent for covert overthrow of our government, our legislative process and basic rights to the vote.

Intervenor then requests that the desires and wishes of the Plaintiff be denied en

toto and that Plaintiff be required to bear all costs, including legal fees. Intervenor further requests that the Taxpayer be relieved of all fear of bearing fees, costs, fines, or any other economic losses in that he is already burdened to the limit, not only with high taxes but extraordinary measures such as this suit represents. Intervenor further requests that certification of the vote go forward to avoid further hindrance of the voting process in that it truly represents the will of the people as opposed to legal tampering.

Respectfully submitted,

*June Griffin*
June Griffin
265 Crestview
Dayton, Tennessee 37321
(423) 775-0774

CERTIFICATE OF SERVICE

Copy of the aforesaid MOTION TO INTERVENE AND REQUEST FOR DISMISSAL AND DENIAL OF LEGAL FEES was mailed by U.S. Mail to:

Attorneys, William I. Harbison, C Dewey Branstetter, Jr., Phillip F. Cramer, Hunter C. Branstertter, at 150 3rd Avenue South, Suite 1100, Nashville, Tennessee 37201.

Date: August 26, 2015

*June Griffin*
June Griffin
265 Crestview
Dayton, TN 37321
(423) 775-0774

*Exhibit I*

# Rule 24. Intervention

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

**(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.**

(b) Permissive Intervention.

(1) *In General.* On timely motion, the court may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or

(B) has a claim or defense that shares with the main action a common question of law or fact.

(2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:

(A) a statute or executive order administered by the officer or agency; or

(B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.

(3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

(c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

*LII - Cornell U. Law School*

Exh. II

History – work for the Tenth Amendment and the Ten Commandments in Tennessee.

In September of 1997, following a threat against the Ten Commandments plaque outside the Court House in Washington County, Tennessee, I was provoked, inspired and /urged in earnest prayer to the God of our Fathers to go state-wide to address County Commissions on their Right to post the Ten Commandments.

I addressed 91 of the 95 Counties – four had already taken their stand for their Right by posting the Commandments. This tour of six years resulted in 88 of the 95 Tenn. Counties concurring in this Resolution. In addressing each County, I furnished each Commissioner with a 2-page list of American quotations, supporting our Christian heritage. Over a thousand Tennessee Commissioners were given these heritage tracts.

Only ONE County voted against my Resolution, Williamson County, with six tabling it (for fear of a lawsuit!!!).

The following is the wording of that Resolution........

RESOLUTION

*We, the below-signed sitting Commission of _____ County, in consideration of our great Biblical history of Tennessee, both in our Tennessee Constitution and devotional activities in our heritage, hereby acknowledge the importance of the Ten Commandments of Almighty God and wish to go on record in support of this Magnificent Document and state that we will defend our right to its display to the limit of our ability, against all enemies, domestic and foreign, public and private.*

*In the enacting of this Resolution, we hereby petition the God of Heaven to preserve the peace which He has so graciously extended to us by our ancient acknowledgement of the Ten Commandments and beg His continued protection and alleviation of ills which come to those who forget Him and His Law.*

*This the _____ day of _____, _____*

\*\*\*

After our work with the honorable Jim Cabaness, head of AVIDD, Jim, my daughter-in-law, Stacy, and two of my grandchildren and I presented Mississippi's Lt. Gov. Amy Tuck, with the framed copy of our display. Lt. Gov. Tuck worked tirelessly and was instrumental in getting the law passed in that State ordering the posting of the Ten Commandments, IN GOD WE TRUST, and the Beatitudes in every public building. As we sat in the gallery of the Mississippi Legislature, we were introduced and given an ovation, as representing Tennessee's God-fearing majority.

2. In 2011, I set up a booth in the legislative hall in Nashville with a map showing the massive vote by the people of Tennessee, through their County Commissions, to stand by their *Right* to display God's Law, or anything else they well please, under the 9th and 10th Amendment. Hundreds passed by our booth and we visited dozens of legislative offices with brochures calling for the ACLU to lose their corporate coverage and make them repay all legal fees to effected counties and schools.

3. Following this, Rep. Watson wrote a Resolution, HJR 107, proclaiming Tennessee's godly heritage and laws (please read this on google - Tenn. Ten Commandments Resolution, HJR 107). This was adopted 94-0; the Senate followed with a duplicate Proclamation without dissent.

4. In the 2012 session, the Tenn. House of Representatives, adopted HB 2658, sponsored by Rep. Matthew Hill, 93-0; Senator Mike Bell authored SB 2641 and it passed 30-0. This authorized the posting of our historical documents, including the Ten Commandments, and this was signed into law by the Governor.

5. After this, the Sheriff of Carter County, who was an officer in the Tenn. Sheriff's Association, issued a request for the Ten Commandments-Declaration of Independence-Bill of Rights displays which we have distributed in numerous official locations throughout Tennessee. I addressed the Association and the response for these displays was overwhelming and impressive, in Tennessee Sheriffs asking for these displays. Since then we have been traveling to donate the displays in meetings with the Sheriffs across the State, having prayer and

simple ceremonies of dedication. It is very gratifying. So far, 35 Tennessee Sheriffs have asked for these displays.

Since the vote in Tennessee, other States, including Georgia and Oklahoma have followed suit in voting for their Ten Commandment displays.

Jesus is the Author and Finisher of our Faith and is the United States' Great and Merciful High Priest. "Behold, He Cometh with clouds and every eye shall see Him," and woe to the wicked! We pray for vengeance. Luke 18. He will answer these prayers.

June Griffin
For God and Country
Tenn. for the Ten Commandments
Tenn. Committee for the Bill of Rights

*Exh. III*

## SWORN AFFIDAVIT

The following facts are true to the best of my knowledge and recollection:

Information regarding the manner of voting for Amendment 1 came to me through the standardized press and radio, i.e., that one had to vote for Governor in the Governor's race for the vote to count:

_Jacob B. Griffin_ (signed)
Jacob B. Griffin
265 Crestview
Dayton, Tennessee 37321
(423) 775-0774

Personally appeared before me the above signed this the 24 day of August, 2015 with whom I am acquainted:

_Notary Public_ (signed)
Notary Public

My Commission Expires: 1-17-15

[Seal: NATHAN LORENZEN, STATE OF TENNESSEE NOTARY PUBLIC, RHEA COUNTY]

265 Crestview
Dayton, TN 37321
(423) 775-0774
August 26, 2015

RECEIVED
IN CLERK'S OFFICE

AUG 28 2015

U.S. DISTRICT COURT
MID. DIST. TENN.

Clerk, U. S. District Court for
Middle District of Tennessee
801 Broadway
Room 800
Nashville, Tennessee 37203

Dear Sir:

Enclosed is my Motion to Intervene and Request for Dismissal and Denial of Legal Fees. Please file accordingly. Thank you.

Respectfully submitted,

June Griffin, Intervenor

RECEIVED
IN CLERK'S OFFICE
AUG 28 2015
U.S. DISTRICT COURT
MID DIST. TENN.

RETURN RECEIPT REQUESTED
RETURN RECEIPT REQUESTED

7014 3490 0000 9376 2771

CERTIFIED MAIL

Still
In God We Trust!

FROM: Jesse Grifton
2605 Cushwin
Clifton, Tennessee 37321

TO: US District Ct, for
Middle Dist of Tennessee
801 Broadway
Nashville, Tennessee 37203

UNITED STATES POSTAL SERVICE
1000
37203

U.S. POSTAGE PAID
DAYTON, TN
37321
AUG 26, 15
AMOUNT
$7.89
00053883-15